UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rachel Simmons,<br><br>      Plaintiff,<br><br>  v.<br><br>Correctional Officer Rodriguez, et al.,<br><br>      Defendants. | No. 1:15-cv-00818-JAM-EPG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Rachel Simmons ("Plaintiff") filed this action against Defendants Correctional Officers Rodriguez and Hall ("Defendants") on May 28, 2015 (Doc. #1). Defendants move to dismiss Plaintiff's complaint (Doc. #7). Plaintiff opposes the motion (Doc #15).[1]

    I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The Court takes the following facts, alleged by Plaintiff, as true for purposes of this motion.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 5, 2016.

1

1    Armando Simmons ("Mr. Simmons"), Plaintiff's late husband, was being housed in Administrative Segregation at Avenal State Prison. Compl. ¶ 3. On May 30, 2013, Mr. Simmons called Defendants to his cell and told them that he had swallowed some drugs and needed medical attention. Id. Defendants laughed at Mr. Simmons. Id. About thirty minutes after Mr. Simmons had first called to the officers, Defendants told Mr. Simmons to take off his clothing. Id. Defendants then removed Mr. Simmons from his cell and put Mr. Simmons in a cage while Defendants searched his cell. Id. Mr. Simmons hollered and twitched on the floor of the cage where he was naked and handcuffed. Id. About forty-five minutes after Mr. Simmons was placed in the cage, nurses came to escort Mr. Simmons out of the facility. Id. Mr. Simmons was taken to Coalinga Regional Medical Center, where he was pronounced dead of an acute methamphetamine overdose. Id.

    Plaintiff's Complaint named Officer Rodriquez, Officer Hall and Sergeant Luis as defendants (Doc. #1) and includes five causes of action: (1) violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983, (2) wrongful death, (3) negligence, (4) conspiracy, and (5) intentional infliction of emotional distress ("IIED").[2] Compl. at 5-9. Plaintiff voluntarily dismissed Sergeant Luis from this action without prejudice (Doc. #20). Defendants Rodriguez and Hall's motion to dismiss is now before the Court (Doc. #7).

---

[2] Plaintiff includes both her conspiracy and IIED claims under the heading "Fourth Cause of Action." Compl. at 9. Conspiracy and IIED are two separate causes of action, and thus the Court will refer to conspiracy as Plaintiff's fourth cause of action and IIED as Plaintiff's fifth cause of action.

## II.   OPINION

### A.   Request for Judicial Notice

Defendants ask the Court to take judicial notice of the following: (1) the California Victim Compensation and Government Claims Board ("VCGCB") claim file for plaintiff Rachel Simmons (Claim No. G614531, attached to Defendants' Request for Judicial Notice ["RJN"] as Exh. A); (2) the fact that the VCGCB received Plaintiff's claim on November 7, 2013 (Exh. A); (3) the fact that the VCGCB mailed its rejection of Plaintiff's claim to Plaintiff's counsel, Julia Young, on December 20, 2013 (id.); and (4) the fact that Plaintiff's Claim No. G614531 is the only government claim relating to the death of Armando Simmons that Plaintiff presented to the VCGCB before this lawsuit was filed (Declaration of VCGCB custodian of records Katrina de Caro, attached to RJN as Exhibit B).  RJN at 2.

A court may take judicial notice of a fact that is not reasonably disputed if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).  On a motion to dismiss, courts may consider "matters of public record."  Northstar Fin. Advisors Inc. v. Schwab Inv., 779 F.3d 1036, 1042 (9th Cir. 2015) (quoting Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010)).  "Matters of public record" include records and reports of administrative agencies.  Enciso v. Moon, 2015 WL 673269, at *6 n.6 (E.D. Cal. Feb. 17, 2015) (citing United States v. 14.02 Acres of Land More or Less in Fresno Cty., 547 F.3d 943, 955 (9th Cir. 2008)).

The Court takes judicial notice of Rachel Simmons' VCGCB

claim file because it is a matter of public record not subject to reasonable dispute.  The Court also takes judicial notice of the facts that Plaintiff's government claim is dated November 7, 2013, and the letter rejecting Plaintiff's claim is dated December 20, 2013.

A court may also take judicial notice "that an authorized custodian of records for the VCGCB conducted a search of the VCGCB's records" and of the results of that search. Martin v. Hedgpeth, 2014 WL 3884287, at *6 (N.D. Cal. Aug. 7, 2014). Thus, the Court takes judicial notice of the fact that Ms. de Caro conducted a search of the VCGCB records and found only Rachel Simmons' Claim No. G614531 and no other claims related to the May 2013 death of Mr. Simmons.

B.   Evidentiary Objections

Defendants object to the declaration of Rachel Simmons attached to Plaintiff's opposition memorandum (Doc. #23). Defendants object to the sentence in which Plaintiff states that she is Mr. Simmons' successor in interest on the grounds that a lay witness cannot offer legal conclusions and that California Code of Civil Procedure ("CCP") section 377.32 requires facts to support such a statement. Defendants' Objections (Doc. #23) at 1.  Section 377.32 requires "facts in support thereof" to accompany a declaration that states that the declarant is the decedent's successor in interest.  Cal. Civ. Proc. Code § 377.32(a)(5).  '"[D]ecedent's successor in interest" means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action." Id. § 377.11. Plaintiff attached her marriage certificate and Mr. Simmons'

4

1  death certificate to her declaration, but the marriage and death
2  certificates alone do not prove that Plaintiff is Mr. Simmons'
3  successor in interest.  Neither Plaintiff's declaration nor any
4  documents attached indicate whether Mr. Simmons had any other
5  family members who may be the beneficiary of Mr. Simmons'
6  estate.  Plaintiff has failed to prove that she—to the exclusion
7  of any other individuals—is Mr. Simmons' "successor in
8  interest."  Thus, the Court strikes paragraph 3 of the
9  declaration of Rachel Simmons.

10      Defendants also argue that the Court should strike
11  Plaintiff's declaration in its entirety because the declaration
12  does not contain several elements required by CCP section
13  377.32.  Defendants' Objections at 2.  Defendants are correct
14  that Plaintiff fails to include in her declaration some
15  statements and pieces of information required by section 377.32.
16  See Cal. Civ. Proc. Code § 377.32.  Defendants do not, however,
17  cite any authority, and the Court is aware of none, which
18  requires the Court to strike a declaration in its entirety
19  simply because it lacks certain information.  The Court does not
20  consider Plaintiff's declaration sufficient to establish that
21  she is Mr. Simmons' successor in interest.  But while
22  insufficient as a 377.32 affidavit, the declaration does not
23  violate any evidentiary rules.  Thus, the Court denies
24  Defendants' motion to strike Plaintiff's declaration in full and
25  strikes only paragraph 3.
26  ///
27  ///
28  ///

C. Analysis

    1. First Cause of Action: Eighth Amendment Violation Pursuant to 42 U.S.C. § 1983

Plaintiff brings her § 1983 claim on behalf of herself and her late husband, Mr. Simmons. Plaintiff alleges that Defendants deprived "plaintiff decedent" of his Eighth Amendment right against cruel and unusual punishment by failing to provide Mr. Simmons with medical treatment. Compl. ¶¶ 18-22. Plaintiff also alleges that Defendants violated "plaintiff's right to a familiar relationship with decedent, without due process of law." Id. ¶ 22.

In a § 1983 action, "[t]he party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action." Moreland v. Las Vegas Metro. Police Dep't, 159 F.3d 365, 369 (9th Cir. 1998). Under California's survival statute, "violations of personal civil rights may be brought by decedent's . . . successor in interest." Chang Heum Lee v. Cty. of Kern, 2007 WL 3341593, at *2 (E.D. Cal. Nov. 8, 2007). "The person who seeks to commence an action . . . as the decedent's successor in interest . . . shall execute and file an affidavit or a declaration under penalty of perjury." Cal. Civ. Proc. Code § 377.32. Section 377.32 requires the declaration to include several specific statements and pieces of information. Id. For example, the declaration must state that "[n]o proceeding is now pending in California for administration of the decedent's estate." Id.

6

Plaintiff filed a declaration stating that she is the surviving spouse of Mr. Simmons.  Declaration of Rachel Simmons "Simmons Decl." ¶ 2.  Defendants argue that Plaintiff's declaration is insufficient to establish that she is Mr. Simmons' successor in interest because her declaration does not include several of the elements required by section 377.32.  Memorandum of Points and Authorities in Support of Motion to Dismiss ("Mot.") at 4.  Defendants are correct: Plaintiff's declaration lacks several elements required by CCP section 377.32 and facts to support the statement that she is decedent's successor in interest.  Plaintiff has failed to establish that she is Mr. Simmons' successor in interest, and she therefore cannot bring a § 1983 survivor action.  Nevertheless, Plaintiff may be able to submit a sufficient section 377.32 affidavit, so Plaintiff's first cause of action is dismissed with leave to amend.  See Eminence Capital, LLC v. Aspeon Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment.").

        2.   <u>Second, Third, and Fifth Causes of Action: State Law Claims</u>

Plaintiff's second, third, and fifth causes of action are for wrongful death, negligence, and IIED, respectively.  Compl. at 7-9.  Plaintiff brings her wrongful death claim under CCP section 377.60.  Id. ¶ 25.  Section 377.60 states that a "decedent's surviving spouse" may assert "[a] cause of action for the wrongful death of [the decedent] caused by the wrongful act or neglect of another."  Cal. Civ. Proc. Code § 377.60.

7

Plaintiff's negligence and IIED claims also arise under California state law. See Fid. Nat. Title Co. v. U.S. Small Bus. Admin., 2014 WL 1883939, at *7 (E.D. Cal. May 12, 2014) ("[N]egligence is a state law claim."); Ware v. McDonald, 2013 WL 1499437, at *3 (E.D. Cal. Apr. 10, 2013) ("[I]ntentional infliction of emotional distress is a state law claim."). Additionally, for each state law claim, Plaintiff must comply with the California Government Tort Claims Act ("CTCA"). See Bremer v. Cty. of Contra Costa, 2015 WL 5158488, at *4 (N.D. Cal. Sept. 2, 2015) (dismissing wrongful death claim brought under CCP § 377.60 for failure to allege compliance with the CTCA); Elliot v. Readdy, 2013 WL 1281804, at *13 (E.D. Cal. Mar. 27, 2013) ("[A] state negligence claim is subject to compliance with the claim presentation requirements of the California Government Tort Claims Act."); Dowell v. Contra Costa Cty., 928 F. Supp. 2d 1137, 1151 (N.D. Cal. 2013) (stating that IIED claims are subject to the CTCA).

    The CTCA requires that any tort claim against a public entity or its employees be presented to the VCGCB no more than six months after the cause of action accrues. Lemire v. Schwarzenegger, 2010 WL 430818, at *5 (E.D. Cal. Jan. 28, 2010). If the VCGCB rejects the claim, the plaintiff has "six months from the date the rejection [is] mailed to file a lawsuit regarding the claim." Wade v. Fresno Police Dep't, 2010 WL 2353525, at *5 (E.D. Cal. Jun. 9, 2010) (citing Cal. Gov't Code § 945.6(a)(1)).

    Defendants argue that Plaintiff's state law claims are barred by the limitations period imposed by California Government

1  Code section 945.6.  Mot. at 3.  Plaintiff argues that her claims
2  are not time-barred because she submitted her claim to the VCGCB
3  within six months of the death of Mr. Simmons.  Opp. at 1.
4  Plaintiff did indeed comply with the requirement to submit a
5  government claim to the VCGCB within six months of the accrual of
6  the cause of action.  See Cal. Gov't Code § 911.2(a).  But, that
7  six-month timeline is not at issue here.  The issue is whether
8  Plaintiff complied with the timeline imposed by section
9  945.6(a)(1), which requires that a plaintiff file a lawsuit
10 within six months of receiving a notice of rejection from the
11 state agency.  See id. § 945.6(a)(1).
12     Here, Plaintiff's attorney received a written notice from
13 the VCGCB on December 20, 2013 stating that it had rejected
14 Plaintiff's claim.  Exh. A to RJN.  The notice explicitly stated
15 that Plaintiff had six months to file a court action on her
16 rejected claim.  Id. (citing Cal. Gov't Code § 945.6).  Plaintiff
17 did not file this action until May 28, 2015, almost a year and a
18 half after she received the notice rejecting her claim.  Thus,
19 Plaintiff failed to comply with the CTCA.  Plaintiff's second,
20 third, and fifth causes of action are therefore dismissed with
21 prejudice.  See Mohsin v. Cal. Dep't of Water Res., 2015 WL
22 7282904, at *9 (E.D. Cal. Nov. 18, 2015) ("[F]ailure to file a
23 claim within the statute of limitations provided by the CGCA is
24 grounds for dismissal with prejudice."); Taylor v. City of E.
25 Palo Alto, 2012 WL 5511024, at *1 (Cal. Ct. App. Nov. 14, 2012)
26 (affirming trial court's dismissal with prejudice of claims which
27 were untimely under section 945.6).
28 ///

1             3.    Fourth Cause of Action: Conspiracy

2      Plaintiff does not make clear whether she brings her
3 conspiracy claim pursuant to California state law or § 1983.  As
4 discussed with regard to Plaintiff's state law claims, any state
5 law conspiracy claim is barred by Plaintiff's failure to comply
6 with the six-month limitation period imposed by Government Code
7 section 945.6(a)(1).  Thus, Plaintiff is limited to bringing a
8 conspiracy claim pursuant to § 1983.

9      To prevail on a conspiracy claim under § 1983, a plaintiff
10 must show "specific facts to support the existence of the claimed
11 conspiracy."  Burns v. Cty. of King, 883 F.2d 819, 821 (9th Cir.
12 1989).  The elements of conspiracy under § 1983 are: (1) "the
13 existence of an express or implied agreement among the
14 defendant[s] to deprive [the plaintiff] of his constitutional
15 rights, and (2) an actual deprivation of those rights resulting
16 from that agreement."  Avalos v. Baca, 517 F. Supp. 2d 1156, 1169
17 (C.D. Cal. 2007), aff'd, 596 F.3d 583 (9th Cir. 2010).  Here,
18 Plaintiff has not pled the "existence of an express or implied
19 agreement" between the Defendants to deprive her or her late
20 husband of any constitutional rights.  Plaintiff's conspiracy
21 claim, to the extent that it is brought under § 1983, is
22 dismissed with leave to amend.

23

24                         III.   ORDER

25      For the reasons set forth above, the Court GRANTS
26 Defendant's Motion to Dismiss.  Plaintiff's wrongful death,
27 negligence, and IIED claims are dismissed with prejudice.
28 Plaintiff's § 1983 claims are dismissed with leave to amend.

Plaintiff's amended complaint, if any, must be filed within twenty (20) days of the date of this order.  Defendants' responsive pleading is due within twenty (20) days thereafter:

   IT IS SO ORDERED.

Dated: May 4, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE