UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| Rachel Simmons, | No. 1:15-cv-00818-JAM-EPG |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| Correctional Officer Rodriguez, et al., | |
| Defendants. | |

Plaintiff Rachel Simmons' husband Armando Simmons ("Mr. Simmons") died of a drug overdose after being taken from Avenal State Prison to the hospital. Following Mr. Simmons' death, Plaintiff sued Correctional Officers Rodriguez and Hall ("Defendants"). ECF Nos. 1, 26. Defendants move for summary judgment, ECF No. 35, which Plaintiff opposes, ECF No. 45.[1]

I. FACTS

Mr. Simmons was in custody at Avenal State Prison on May 30,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for April 18, 2017.

1

2013. Pl.'s Resp. to Defs. Statement of Undisputed Facts ("UF") ## 1, ECF No. 45-1. Defendant Rodriguez noticed Mr. Simmons pacing around in his cell naked. UF #5. Rodriguez asked Defendant Hall to assist him. UF #6. Rodriguez and Hall opened Mr. Simmons' cell door and Mr. Simmons slid to the ground. UF #8. Rodriguez and Hall lifted Mr. Simmons up and helped him walk to the medical cell. Id.

In the medical cell, the nurse could not take Mr. Simmons' vital signs because he would not stay still. UF #13. Sergeant Ruis, Rodriguez and Hall's supervisor, called for an emergency vehicle. UF ##11, 15. The emergency vehicle arrived about twenty minutes later and took Mr. Simmons to the prison's medical center. UF ##17, 18. The doctors at the medical facility could not take Mr. Simmons' vitals. UF #21. The medical staff called for an ambulance to take Mr. Simmons to the hospital. UF #22. The ambulance took Mr. Simmons to Coalinga Regional Medical Center, where he died of a methamphetamine overdose. UF #23.

Plaintiff brings three causes of action in her amended complaint. First Amended Complaint ("FAC") at 6-9. Both the first and second claims are labeled as "Violation of the Eighth Amendment…" claims under 42 U.S.C. § 1983. Id. at 5, 7. The Court cannot discern a legal distinction between these two claims, and therefore treats the first and second claims as one claim for deliberate indifference to serious medical needs brought as a survival action on behalf of Mr. Simmons. Plaintiff also brings a third claim for loss of spousal relationship under the due process clause of the Fourteenth Amendment. FAC at 8.
///

II. OPINION

A. Evidentiary Objections

Defendants object to the declaration of Tyrone Evans, ECF No. 45-4, attached to Plaintiff's opposition brief. Defs.' Obj. to Pl.'s Evid. ("Defs.' Obj.") at 1, ECF No. 47. Defendants' attorney states that Plaintiff "has never served any disclosures under Rule 26(a)(1) in this case." Allin Decl. ¶ 6, ECF No. 35-3.

A "party [who] fails to provide information or identify a witness as required by Rule 26(a) or (e), [cannot] use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff did not disclose Tyrone Evans as a witness and has not provided a justification for that failure. The Court therefore sustains Defendants' objection and will not consider Mr. Evans' declaration in deciding Defendants' motion for summary judgment.

Defendants also object to two sentences in the coroner's report attached as Exhibit A to Plaintiff's opposition brief. Defs.' Obj. at 2. The sentences state: "On May 31, 2013, guards noticed that Armando was nude and talking to himself. When approached, he became violent, shouting that he had used Methamphetamine and was a 'Brainiac.'" Opp'n, Exh. A, ECF No. 45-3. Defendants argue these sentences are hearsay and lack foundation. Defs.' Obj. at 2. The Court agrees with Defendants. The coroner was not present at the event he describes in the report and does not have personal knowledge of what occurred or what Mr. Simmons said. See Fed. R. Evid. 602.

The Court therefore will not consider the two sentences for purposes of this motion.

    B.    Analysis

        1.    Deliberate Indifference Claim

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment proscription against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A court must consider two elements in assessing a deliberate indifference claim: "the seriousness of the prisoner's medical needs and the nature of the defendant's response to those needs." Mallett v. Sepulveda, 2013 WL 6185593, at *2 (N.D. Cal. Nov. 26, 2013). "A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." Id. (internal quotation marks omitted). A prison official acts with deliberate indifference if he knows a prisoner "faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it." Id.

Defendants argue they did not act deliberately indifferent toward Mr. Simmons because "[w]hen Rodriguez and Hall observed Simmons' unusual behavior, they promptly delivered Simmons to the medical holding cell" to see the nurse and "informed the supervising sergeant." Mot. at 6.

Plaintiff argues Rodriguez and Hall acted with deliberate indifference because "[i]nstead of calling for an outside ambulance, which could have drastically cut down the time that it took to get Mr. Simmons to the hospital, [they] only called for medical assistance and then placed Mr. Simmons in a holding

cell until he was transported to the [prison's] medical facility." Opp'n at 4.

Defendants respond that they "diligently attended to Simmons's needs." Reply at 1. Additionally, Defendants contend "Plaintiff has produced no evidence that Rodriguez or Hall knew of any medical need that could not have been addressed by the prison medical staff." Id. at 2.

The Court agrees with Defendants. The undisputed facts and the evidence presented by the parties show Defendants responded to Mr. Simmons' medical needs by removing him from his cell, taking him to the nurse, and notifying their supervisor. Plaintiff has not submitted any evidence to show that Defendants ignored Mr. Simmons or that his symptoms indicated that he needed to go to the hospital immediately. Defendants sought out medical attention for Mr. Simmons when they discovered he needed it. Plaintiff has not identified a genuine issue of material fact as to whether Defendants acted with deliberate indifference. The Court therefore grants Defendants' motion for summary judgment on Plaintiff's deliberate indifference claim.

### 2. Third Claim: Loss of Spousal Relationship Under Substantive Due Process

Family members have a liberty interest in companionship with one another, and a state actor's interference with that relationship may violate procedural or substantive due process rights. Raygoza v. City of Fresno, 2014 WL 6929590, at *13 (E.D. Cal. Dec. 9, 2014). Only official conduct that "shocks the conscience," however, gives rise to a due process violation. Barber v. City of Santa Rosa, 2010 WL 5069868, at *10 (N.D. Cal.

Dec. 7, 2010) (citing Lewis, 523 U.S. at 846, 854-55). A plaintiff can establish that an officer's conduct "shocks the conscience" by showing the officer acted with either deliberate indifference or the more stringent "purpose to harm." Cosentino v. Kurtz, 2013 WL 1927119, at *9 (C.D. Cal. Apr. 16, 2013) (internal quotation marks omitted).

As discussed above, Plaintiff has failed to show that Defendants acted with deliberate indifference toward Mr. Simmons. Plaintiff has also failed to provide any evidence showing Defendants acted with the purpose to harm Mr. Simmons. Defendants' motion for summary judgment on Plaintiff's loss of spousal relationship claim is granted.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion for summary judgment.

IT IS SO ORDERED.

Dated: April 17, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE